CHARLES S. PAINTER (SBN 89045)
GRAHAM M. CRIDLAND (SBN 243646)
**ERICKSEN ARBUTHNOT**
100 Howe Avenue, Suite 110 South
Sacramento, CA   95825-8201
(916) 483-5181 Telephone
(916) 483-7558 Facsimile

Attorneys for Defendant, PAPÉ' MATERIAL HANDLING, INC.,
an Oregon Corporation

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUMILDO DE LA LUZ, an individual; and SILVIA SANCHEZ, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> PAPÉ' MATERIAL HANDLING, INC., an Oregon Corporation; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: 16-cv-05062-JCS <br><br> **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PAPÉ MATERIAL HANDLING, INC.** |

Defendant PAPÉ' MATERIAL HANDLING, INC. ("Papé"), answers and asserts affirmative defenses to plaintiffs' complaint as follows:

**I.  PLAINTIFFS' COMPLAINT FOR DAMAGES**

Papé admits plaintiffs purport to assert a claim for damages, but deny Papé is liable to plaintiffs in any manner or for any amount whatsoever. Papé denies all remaining allegations in this paragraph.

**II.  THE PARTIES**

1. Papé is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. Papé is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. Papé is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. Papé admits it is an Oregon Corporation doing business in the State of California. Papé operates a business located at 47132 Kato Road, Fremont, CA. Papé denies all remaining allegations in this paragraph.

5. Papé admits plaintiffs have alleged a claim against a number of fictitious defendants. Papé is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

6. Papé admits plaintiffs have alleged a claim against a number of fictitious defendants. Papé is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

### III. GENERAL ALLEGATIONS AGAINST DEFENDANTS

7. Papé is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8. Papé denies the allegations of this paragraph that it distributed or controlled any equipment which may have been involved in the plaintiff's alleged injuries. Papé is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

9. Papé is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. Papé denies the allegations of this paragraph of the Complaint.

11. Papé denies the allegations of this paragraph that "the SKYJACK or [any] related equipment had been negligently maintained, repaired, and/or controlled" in any manner. Papé is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

### IV. FIRST CAUSE OF ACTION – NEGLIGENT MAINTENANCE

12. Papé restates and reasserts its responses to paragraphs 1 through 18 as if expressly set forth herein.

13. Papé denies the allegations of this paragraph that it controlled the SKYJACK or had a duty of care to "all potential users." Papé is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

14. Papé denies the allegations of this paragraph that there occurred a negligent maintenance or repair of any Skyjack lift owned by Papé or that Papé controlled any Skyjack involved in the incident. Papé denies that any distributed, maintained, repaired and/or controlled by Defendant Papé. Papé is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

15. Papé denies all allegations contained in this paragraph, and specifically denies it is liable to plaintiffs in any manner or for any amount whatsoever.

16. Papé denies all allegations contained in this paragraph, and specifically denies it is liable to plaintiffs in any manner or for any amount whatsoever.

17. Papé denies all allegations contained in this paragraph, and specifically denies it is liable to plaintiffs in any manner or for any amount whatsoever.

V.  **SECOND CAUSE OF ACTION: LOSS OF CONSORTIUM**

18. Papé restates and reasserts its responses to paragraphs 1 through 18 as if expressly set forth herein.

19. Papé is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. Papé is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

Answering the WHEREFORE paragraph following Paragraph 20, Papé denies all allegations contained in this paragraph, and specifically denies it is liable to plaintiffs in any manner or for any amount whatsoever.

//

//

## V. AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims, in whole or in part, may be barred by the learned intermediary doctrine.

3. All of the alleged injuries, losses, damages and expenses, if any, may have been the result of unforeseeable circumstances and reasons beyond the control of Papé, including, but not limited to the actions of the lessor of the Skyjack, if indeed the equipment alleged was leased from Papé.

4. Plaintiffs' alleged injuries may have been caused by an unforeseeable intervening cause. If so, plaintiffs are not entitled to recover from Papé in this action.

5. Plaintiffs' alleged injuries may have been caused by the acts and/or omissions of third-parties over whom Papé has no control and/or right of control and is in no way liable. Alternatively, any amount, which plaintiffs might be entitled to recover against Papé must be reduced by the amount of damages attributable to the intervening acts and/or omissions of such third persons. Papé further reserves any actions for contribution or indemnity against such third parties and reserves its right to remedies.

6. Plaintiffs' alleged injuries may have been caused by an unforeseeable change or alteration in the product. If so, plaintiffs are not entitled to recover from Papé in this action.

7. If plaintiffs sustained any of the injuries and damages alleged in the Complaint, then these alleged injuries and damages may have been caused directly and proximately by any plaintiffs' failure to exercise due care to avoid injury. Accordingly, Papé hereby asserts that plaintiffs are barred from recovery to the extent that they were comparatively negligent.

8. Plaintiffs' fault for failure to mitigate damages are a bar or reduction to recovery.

9. If plaintiffs sustained any of the injuries and damages alleged in the Complaint, and it is proved that any such injuries and damages were attributable to a product, then these alleged injuries and damages may have been caused by an inherent characteristic of the product

that would be recognized by an ordinary person with ordinary knowledge common to the community that uses or consumes the product and/or a learned intermediary for whose use the product was intended.

10. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

11. Plaintiffs' claims are barred by lack of personal jurisdiction and/or the failure to properly assert personal jurisdiction.

12. Plaintiffs knowingly and intentionally assumed any and all risks inherent in the operation of the equipment in question.

13. Plaintiffs were fully aware of and informed about the risks and possible adverse effects pertaining to the operation of the equipment, and all alleged injuries, damages, expenses or losses, if any, arose from and/or were caused by risks of which plaintiff may have been aware. As such, plaintiffs may have accepted, confronted and assumed all such risks. Accordingly, plaintiffs' claims may be barred in whole or in part by principles of assumption of the risks, informed consent, estoppel and waiver.

14. The product at issue reflected the state of the art of scientific and technological knowledge available to the manufacturer or supplier at the time the product was placed on the market.

15. The product at issue reflected the customary designs, methods, standards, and techniques of manufacturing, inspecting, and testing by other manufacturers or sellers of similar products.

16. The product at issue was in compliance with all federal or state statute or administrative regulation existing at the time the product was manufactured and was in conformance with prescribing standards of design, inspection, testing, manufacture, labeling, warning, or instructions for use.

17. Papé cannot be liable for any alleged defect connected to the product at issue because Papé did not design or manufacture the product.

///

18. Papé cannot be liable for any alleged inadequacy in connection with the warnings or instructions for use related to the product at issue, including any failure to warn, because Papé did not design or manufacture the product or develop any warnings or instructions for use relating to the product.

20. Papé denies that it violated any statute, ordinance, rule, regulation, or statutory standard of care under California law. Additionally, Papé conducted itself as a reasonably prudent supplier would have done, acting under similar circumstances, in desiring to obey the law.

21. At the time the product left the control of the manufacturer, there was not a practical and technically feasible alternative design that would have prevented the harm without substantially impairing the reasonably anticipated or intended function of the product.

22. Plaintiffs' claims may be barred because of spoliation of the evidence and/or destruction of or tampering with evidence.

23. Should this Court find that plaintiffs sustained damages for which Papé is responsible, which is expressly denied, Papé is entitled to a set-off for any collateral source payments paid or payable to plaintiffs, and for any settlements reach with persons or parties other than Papé for the damages alleged in plaintiffs' Complaint.

24. All allegations in plaintiffs' Complaint that have not been admitted or denied are hereby denied generally as if specifically denied.

25. Papé reserves the right to amend this answer and assert at trial any and all properly provable defenses it may have to this action.

DATED: November 9, 2016

ERICKSEN ARBUTHNOT

By _____
GRAHAM M. CRIDLAND
Attorneys for Defendant, PAPE'
MATERIAL HANDLING, INC., an
Oregon Corporation

DE LA LUZ vs. PAPÉ MATERIAL HANDLING, INC.
EA File No.   16-090

**CERTIFICATE OF SERVICE**
[Fed. R. Civ. P. 5(b), 5(d), 6(e)]

I, the undersigned, hereby certify that I am a citizen of the United States, over the age of eighteen years and not a party to the within action; my business address is 100 Howe Avenue, Suite 110 South, Sacramento, California 95825. On this date I served the within:

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PAPE MATERIAL HANDLING, INC.**

BY MAIL

I served a true and correct copy of the above-named documents by mail by placing the same in a sealed envelope with postage fully prepaid, and depositing said envelope in the U.S. mail at Sacramento, California.  Said envelope(s) was/were addressed as listed hereafter:

BY PERSONAL SERVICE

I caused to be served by hand a true copy of the above-named document as listed hereafter.

XXX ECF SERVICE:

I caused to be served, through the Court's ECF system a true and correct copy of the above-named document.

**ATTORNEY FOR PLAINTIFFS:**
Frank Sariol, Esq.
Tam Matthew Danh, Esq.
SARIOL LEGAL
1600 North Broadway, Suite 650
Santa Ana, CA 92706
Telephone: 714-361-8200
Facsimile: 714-361-8250
frank@sariol.com
matt@sariol.com

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that this declaration was executed on 11/10/16  at Sacramento, California.

*/s/ Monique Mohamed*
Monique Mohamed