UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GUMILDO DE LA LUZ, et al.,

    Plaintiffs,

v.

PAPE MATERIAL HANDLING, INC.,

    Defendant.

Case No. 16-cv-05062-PJH

**ORDER DENYING MOTION TO WITHDRAW AS COUNSEL**

Re: Dkt. No. 19

Before the court is plaintiffs' counsel's motion to withdraw.  Dkt. 19.  The court finds that the matter is suitable for decision without oral argument, and therefore VACATES the hearing noticed for February 8, 2017.  Having reviewed the papers, the court hereby DENIES the motion to withdraw, without prejudice to refiling.

Withdrawal motions are governed by Local Rule 11-5 and the standards of professional conduct required of members of the State Bar of California.  Civ. L.R. 11-4(a)(1); Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008).  California Rule of Professional Conduct 3-700 only allows withdrawal in certain specified circumstances.  Rule 3-700 provides that "[i]f permission for termination of employment is required by the rules of a tribunal, a member shall not withdraw from employment in a proceeding before that tribunal without its permission."  Cal. R. Prof'l Conduct R. 3-700(A)(1).  Further, "[a] member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules."  Cal. R. Prof'l Conduct R. 3-700(A)(2).

Under these provisions, (1) an attorney representing a client in a case in this court may not withdraw from representation without leave of court, and if no substitute counsel

has appeared, the attorney must agree to accept service of papers for forwarding purposes per Civil Local Rule 11-5(b); (2) before withdrawing from representation, the attorney must give notice to the client and give the client time to find other counsel, and must also comply with any other applicable court rules; and (3) cause for withdrawal under California Rule of Professional Conduct 3-700 must be established.  See Lotus Mgmt., LLC v. Shulman, No. C 13-3401 PJH, 2013 WL 5734893, at *1–*2 (N.D. Cal. Oct. 22, 2013).

Denial of the instant motion is necessary for several reasons.  First, counsel's motion does not give any reason for the withdrawal. It is therefore impossible for the court to evaluate whether there is cause for withdrawal under the provisions of Rule 3-700.  Counsel has not even cited to any relevant section of this rule.  Second, counsel indicates that they informed plaintiffs of their intent to withdraw on January 24, 2017, less than a week before this motion was filed.  Dkt. 19-2 ¶ 2.  This is insufficient notice to afford plaintiffs "time for employment of other counsel," Cal. R. Prof'l Conduct R. 3-700(A)(2), which could be prejudicial in light of the upcoming case management conference set for February 16, 2017.  Third, noticing a hearing date one week in advance is insufficient notice to all parties who have appeared, which is required under Civil Local Rule 11-5(a).  Fourth, counsel has not explained whether plaintiffs consent to the withdrawal, wish to secure other counsel, or wish to proceed pro se.

For the foregoing reasons, the motion to withdraw is DENIED.  Any future motion to withdraw shall be noticed in accordance with the 35-day hearing schedule of Civil Local Rule 7-2, to afford a reasonable time for plaintiffs and other parties to respond.

**IT IS SO ORDERED.**

Dated:  January 31, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge