UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUMILDO DE LA LUZ, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>PAPE MATERIAL HANDLING, Inc.,<br>　　　　Defendant. | Case No. 16-cv-05062-PJH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 69 |

Before the court is defendant Pape Material Handling, Inc.'s motion for involuntary dismissal of the above-captioned action; the second such motion filed in this action. As with defendant's prior motion for involuntary dismissal, pro se plaintiffs Gumildo De La Luz and Silvia Sanchez have not filed an opposition. As such, the matter is fully briefed and the court finds it is suitable for decision without oral argument. Accordingly, the hearing set for June 13, 2018, is VACATED. Having an extensive and independent understanding of plaintiffs' failure to prosecute this action, and having read defendant's motion and carefully considered the arguments and the relevant legal authority therein, and good cause appearing, the court hereby GRANTS defendant's motion.

## BACKGROUND

As explained in this court's prior orders, since filing this litigation almost two years ago and especially since plaintiffs' then-counsel withdrew over a year ago, the court has provided plaintiffs with ample opportunities to diligently prosecute this litigation. See Dkts. 36, 38, 47, 49, 55-57, 59. Plaintiffs have failed to do so. As explained in this court's prior order:

> Amongst other conduct indicating plaintiffs' failure to prosecute this action, plaintiffs have wholly failed to participate

> in discovery. Though plaintiffs chose November 29, 2017, as the date of their deposition, they failed to appear on that date—without any explanation or notice to defense counsel. Dkt. 54-1, Menendez Decl. ¶ 11. In response to this failure and plaintiffs' general failure to respond to propounded discovery, the defendant filed a motion to compel. Dkt. 46. After plaintiffs failed to respond to that motion, the court granted the defendant's motion and ordered plaintiffs to respond to defendant's propounded discovery by December 28, 2017. Dkt. 49. Plaintiffs also failed to comply with that order. Menendez Decl. ¶ 12 (Defendant did not receive any discovery responses.).

Dkt. 55 at 1.

After plaintiffs failed to file an opposition to defendant's first motion for involuntary dismissal, the court ordered plaintiffs to respond and warned that failure to do so would result in the action being dismissed with prejudice. Id. at 1-2. Plaintiffs did not comply with that order. Plaintiffs, however, did appear for the hearing on that motion, at which point the court denied defendant's motion without prejudice and set forth specific discovery conditions designed to ensure plaintiffs fully and promptly participated in the litigation. Dkt. 56 at 1-2. Those conditions included a requirement that plaintiffs respond to defendant's written discovery by March 30, 2018, and mail a copy of those responses to the court. Dkt. 56 at 2. The court again warned that "If plaintiffs fail to comply with any part of th[at] order, their case will be dismissed with prejudice." Dkt. 56 at 2.

Plaintiffs again failed to comply. Though the court received certain discovery-related documents from plaintiffs on March 29, 2018, defendant did not receive any discovery responses by the March 30, 2018 deadline. Dkt. 59 at 1-2. The court subsequently sent plaintiffs' discovery-related documents to defendant and warned plaintiffs that "[a]ny future failures by plaintiffs to promptly fulfill their discovery obligations or to comply with this court's orders will result in dismissal of this action." Dkt. 59 at 2 (emphasis in original). Defendant then sent plaintiffs a meet and confer letter regarding deficiencies in plaintiffs' discovery responses. Dkt. 69-2, Ex. F. Neither the court nor defendant received any further discovery responses from plaintiffs. See Dkt. 69-1 ¶ 15.

On May 8, 2018, defendant renewed its motion for involuntary dismissal. As indicated above, plaintiffs again failed to file any response to that motion.

2

## DISCUSSION

Both Federal Rule of Civil Procedure 41(b) and Rule 37(b)(2) allow a court to dismiss an action if the plaintiff fails to prosecute the action or fails to comply with a court order. The Ninth Circuit applies the same five-factor standard in Rule 41(b) cases as it does in Rule 37(b) cases: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Yourish v. California Amplifier, 191 F.3d 983, 989-990 (9th Cir. 1999); Baeza v. Baca, 700 F. App'x 657, 658 (9th Cir. 2017); Valley Eng'g Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1056-57 (9th Cir. 1999).

The court has no doubt that those factors support dismissal here. With few exceptions, plaintiffs have entirely failed to prosecute this litigation since February 2017 and, accordingly, the litigation has not progressed. Additionally, as detailed above, plaintiffs have consistently failed to comply with this court's orders. In three of those instances, the court explicitly warned that plaintiffs' failure to comply with the court's order or fulfill their discovery obligations would result in dismissal of the action. Those facts alone show that plaintiffs have failed to prosecute this litigation with reasonable diligence. That "is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976); Baeza, 700 F. App'x at 658 (same). The same facts show factors (1)-(3), and (5) warrant dismissal.

In accordance with the foregoing, defendant's motion to dismiss is GRANTED and the action is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: May 30, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge